*In re* APPLICATION OF THE COOK COUNTY COLLECTOR, for Judgment and Sale Against Lands and Lots Upon Which all or a Part of the General Taxes for Two or More Years are Delinquent Pursuant to Section 235A of the Revenue Act of 1939, as Amended, Petition of Ozie Emanuel and James I. Aghayere (Valerie Britts, Petitioner-Appellant, v. Edward J. Rosewell, County Treasurer of Cook County, *et al.*, Respondents-Appellees).

First District (6th Division)    No. 1—97—3473

Opinion filed March 31, 1999.

Bruce M. Buyer, of Buyer & Rubin, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Patricia M. Shymanski and John M. Allegretti, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This is an appeal by petitioner Valerie Britts from a trial court order that denied her petition for indemnity under the provisions of the Illinois Property Tax Code (the Property Tax Code) (35 ILCS 200/1—1 *et seq.* (West 1994)). The sole issue on appeal is whether petitioner's failure to make the statutorily mandated reimbursement payments under section 22—80 of the Property Tax Code (35 ILCS 200/22—80 (West 1994)) as a prerequisite to the trial court's grant of her petition to vacate the issuance of the tax deed under section 2—1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 1994)) is fatal to her petition for indemnification under section 21—305 (35 ILCS 200/21—305 (West 1994)), which requires that petitioner be "barred or in any way precluded from bringing an action for the recovery of the property."

Statement of Facts

The facts of this case are relatively straightforward.

On November 9, 1993, the property at issue, a six-apartment building located at 6842 South Perry, Chicago, Illinois, was sold to a tax purchaser, James I. Aghayere, for the delinquent 1987-91 taxes. The property was ultimately assigned to respondents James Aghayere and Ozie Emanuel.

Mary Britts (petitioner's mother) and her husband, Donald Britts, acquired the property in 1989. Mary transferred her interest to Donald in April of 1993. Donald Britts transferred the property to his daughter, petitioner, by virtue of a quit-claim deed dated April 22, 1994, and recorded on April 29, 1994.

On July 17, 1995, the circuit court entered an order that directed issuance of a tax deed to respondents. On July 24, 1995, the tax deed was issued and subsequently recorded.

On November 20, 1995, petitioner filed a two-count petition. In count I, petitioner moved under section 2—1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 1994)) to have the trial court vacate the order of July 17, 1995, that directed issuance of the tax deed. In count II, petitioner requested indemnification for the fair market value of the property pursuant to section 21—305 of the Property Tax Code. 35 ILCS 200/21—305 (West 1994).

On July 8, 1996, the trial court ordered that petitioner's motion under count I, to vacate the order directing issuance of the tax deed, shall be granted *provided that* petitioner make certain statutorily mandated reimbursements to respondents within 90 days pursuant to the provisions of section 22—80 of the Property Tax Code. 35 ILCS 200/22—80 (West 1994). The trial court continued the matter until October 8, 1996.

Petitioner failed to make the required reimbursements to respondents. As a result, on October 8, 1996, the trial court denied petitioner's section 2—1401 motion under count I to vacate the order that directed issuance of the tax deed.

Thereafter, petitioner proceeded on count II of her petition. In this second count, petitioner requested indemnification for the fair market value of the property pursuant to section 21—305 of the Property Tax Code. 35 ILCS 200/21—305 (West 1994). On May 13, 1997, the trial court held a hearing on the indemnity petition. Petitioner and her mother, Mary Britts, appeared as witnesses. On cross-examination, petitioner was asked why she failed to make reimbursement as directed by the trial court's July 8, 1996, order. She testified that she did not have the money with which to do so and that she did not attempt to obtain funds from any other source in order to make reimbursement.

On August 19, 1997, the trial court issued an order denying the

petition for indemnity. The trial court found that petitioner was not barred or otherwise precluded from bringing an action to recover her property as is required for indemnification by section 21—305 of the Property Tax Code. 35 ILCS 200/21—305 (West 1994). Petitioner now appeals.

Discussion

Petitioner asserts that the trial court misconstrued the meaning and intent of section 21—305 of the Property Tax Code (35 ILCS 200/ 21—305 (West 1994)) and argues that she is entitled to relief under that section.

■ Section 21—305, relied upon by petitioner, states in pertinent part as follows:

> "(a) Any owner of property sold under any provision of this Code, who without fault or negligence of his or her own sustains loss or damage by reason of the issuance of a tax deed under Sections 22—40 or 21—445 and who is barred or in any way precluded from bringing an action for the recovery of the property *** has the right to indemnity for the loss or damage sustained." 35 ILCS 200/ 21—305 (West 1994).

Petitioner was denied relief under this section because the trial court found she was not "barred or in any way precluded from bringing an action for the recovery of the property."

■ At issue are the meaning and application of the words "barred or in any way precluded from bringing an action for the recovery of the property." It is a well-established principle of statutory construction that the court's prime consideration in construing a statute is to effectuate the intent of the legislature. *Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 362 (1986). The trial court should look to the language of the statute as the best indication of the legislature's intent, giving the terms of the statute their ordinary meaning. *In re Application for Judgment & Sale of Delinquent Properties for Tax Year 1989*, 167 Ill. 2d 161, 168 (1995).

It is petitioner's contention that the trial court's decision effectively results in a conclusion that all parties who bring an unsuccessful action under section 2—1401 can never succeed on a petition for indemnity because the unsuccessful section 2—1401 action renders them unable to fulfill the requirement of showing that they are "barred or in any way precluded from bringing an action for the recovery of the property." We do not agree with petitioner's conclusion. In the instant case, it is not an unsuccessful 2—1401 action that has prevented petitioner from being indemnified. Petitioner brought a successful action in that the trial court granted her motion to vacate

*on the condition that* she first fulfill the statutory requirements of reimbursement under section 22—80.

■ Sections 22—80(b)(1) and (b)(2) provide that a petitioner who prevails in an action to set aside a tax deed that was issued after the redemption period has expired must pay the following within 90 days:

> "the amount necessary to redeem the property from the sale as of the last day of the period of redemption ***
>
> (2) and amounts in satisfaction of municipal liens paid by the tax purchaser or his or her assignee, and the amounts specified in paragraphs (1) and (3) of subsection (a) of this Section, to the extent the amounts are not included in paragraph (1) of subsection (b)." 35 ILCS 200/22—80(b)(1), (b)(2) (West 1996).

Paragraph (1) lists the following:

> "all taxes and special assessments purchased, paid, or redeemed by the tax purchaser or his or her assignee, or by the tax deed grantee or his or her successors and assigns, whether before or after entry of the order for tax deed, with interest at the rate of 1% per month from the date each amount was paid until the date of payment pursuant to this Section." 35 ILCS 200/22—80(a)(1) (West 1996).

Paragraph 3 lists the following:

> "court reporter fees for the hearing on the application for tax deed and transcript thereof, cost of certification of tax deed order, cost of issuance of tax deed and cost of recording tax deed." 35 ILCS 200/22—80(a)(3) (West 1996).

Section 22—80 further provides:

> "If the payment is not made within the 90-day period, the petition to vacate the order directing the county clerk to issue a tax deed shall be denied with prejudice, and the order directing the county clerk to issue a tax deed shall remain in full force and effect." 35 ILCS 200/22—80 (West 1996).

It was petitioner's own failure to pay the required reimbursement as set out above that resulted in the denial of her section 2—1401 motion to vacate the order directing the issuance of the tax deed. It did not result in her being barred or otherwise precluded from bringing an action for the recovery of the property. She brought the action for recovery and, indeed, had petitioner fulfilled the section 22—80 reimbursement requirement, the order to issue the tax deed would have been vacated.

■ Illinois cases have held that a party who is otherwise entitled to have a tax deed vacated cannot benefit from the indemnification provision. For example, in *In re Application of County Treasurer*, 84 Ill. App. 3d 506 (1980), a respondent tax purchaser appealed from an order vacating the issuance of a tax deed. One of the tax purchaser's

arguments on appeal was that the tax deed should not have been vacated because the sole remedy available to the petitioner was indemnification. However, the second district found that because petitioners had made a sufficient showing that they were entitled to have the tax deed vacated, the indemnity provision was inapplicable. *In re Application of County Treasurer*, 84 Ill. App. 3d at 512.

In *In re Application of County Collector*, 295 Ill. App. 3d 711 (1998) (*Watson v. Rosewell*), petitioner appealed the trial court's decision that he was not entitled to indemnification because he could not prove that he was "without fault or negligence" in losing his property. On appeal, this court affirmed the trial court's decision. In so holding, we noted, in addition, that petitioner was not entitled to indemnification because he was not "barred or in any way precluded from bringing an action for the recovery of the property." This conclusion was based on petitioner's failure to first challenge the tax deed prior to petitioning for indemnification.

Finally, in the recent case of *In re Application of County Treasurer & ex officio County Collector*, 301 Ill. App. 3d 883 (1999) (*Baez v. Rosewell*), this court held that since owners of property that was sold at a tax sale could have filed a petition to vacate the deed but failed to do so, they were not "barred or otherwise precluded" and, therefore, were not entitled to indemnification.

■ In the case at bar, the trial court found that petitioner was entitled to have the order directing issuance of the tax deed vacated. Pursuant to the provisions of section 22—80, the trial court required that petitioner first make certain reimbursements to respondents. Since petitioner was entitled to the relief requested, the indemnification provision is inapplicable.

Petitioner points out to this court that the reimbursement amount under section 22—80 is $12,000 higher than the redemption amount that would have been needed to redeem the property under section 21—355 of the Property Tax Code prior to the issuance of the tax deed had she been given proper notice of her opportunity to redeem. However, whether petitioner received proper notice is not an issue before this court.

Petitioner also contends that she is being penalized for bringing an unsuccessful action to have the tax deed vacated under section 2—1401 of the Illinois Code of Civil Procedure and that the trial court's decision ignores section 22—45 of the Property Tax Code, which permits a section 2—1401 action to be brought concurrently with an action for indemnity. Again, we remind petitioner that her action to have the tax deed vacated was successful; it was her own failure to comply with the reimbursement requirements that defeated her motion.

Nevertheless, section 22—45 (35 ILCS 200/22—45 (West 1994)) provides:

"Tax deed incontestable unless order appealed or relief petitioned. Tax deeds issued under Section 22—35 are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 2—1401 of the Code of Civil Procedure in the same manner and to the same extent as may be had under that Section with respect to final orders and judgments in other proceedings. The grounds for relief under Section 2—1401 shall be limited to:

(1) proof that the taxes were paid prior to sale;

(2) proof that the property was exempt from taxation;

(3) proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his or her assignee; or

(4) proof by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice as set forth in Section 22—20, and that the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with the notices required by Sections 22—10 through 22—30.

*** The court hearing a petition filed under this Section or Section 2—1401 of the Code of Civil Procedure may concurrently hear a petition filed under Section 21—295 and may grant relief under either section."

In the instant case, the trial court found that petitioner was entitled to relief under section 2—1401 of the Code of Civil Procedure. Indeed, had petitioner fulfilled the statutory requirement of reimbursement, relief would have been granted. The trial court's conclusion is in no way inconsistent with section 22—45 as petitioner claims.

Conclusion

Based on the foregoing, the trial court's order is hereby affirmed.

Affirmed.

ZWICK and QUINN, JJ., concur.